FILED
SUPERIOR COURT
OF GUAM

2022 APR 12 PM 1:43

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                     Plaintiff,<br><br>    vs.<br><br>DON ALLAN BORJA MENDIOLA,<br><br>                  Defendant. | Case No. CF0027-20<br><br>**DECISION AND ORDER**<br>(People's Motion *In Limine* for<br>**Disqualification of Defense Counsel**) |

**INTRODUCTION**

This matter came before the Honorable Alberto E. Tolentino on February 4, 2022, following a motion hearing on the People of Guam's ("People") Motion *In Limine* for Disqualification of Defense Counsel ("Motion for Disqualification"), filed on December 20, 2021. Assistant Attorney General Jeremiah Luther represents the People of Guam. Alternate Public Defender Peter Santos represents Don Allen Borja Mendiola ("Defendant"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion for Disqualification.

**BACKGROUND**

On January 23, 2020, a grand jury indicted Defendant with the following charges: (1) Theft of Motor Vehicle By Receiving (As a Second Degree Felony) and (2) Unauthorized Use of a Motor Vehicle (As a Misdemeanor). Indictment, Jan. 23, 2020. These charges stem from an incident involving a stolen vehicle, which Jennifer Jane Belen ("Belen") allegedly

witnessed. On January 29, 2020, the Court appointed the Alternate Public Defender ("APD"). Notice of Court Appointed Counsel, Jan 29, 2020. The People subsequently filed the instant motion. People's Mot. *In Limine* for Disqualification of Defense Counsel (hereinafter "Mot. for Disqualification"), Dec. 20, 2021. Defendant opposed the motion. Def.'s Opp'n. to People's Mot. *In Limine* for Disqualification of Defense Counsel (hereinafter "Def.'s Opp'n."). The Court held a motion hearing and took the parties' arguments under advisement on February 4, 2022. Minute Entry, Feb. 4, 2022.

## DISCUSSION

The People move to disqualify APD from representing Defendant under Guam Rules of Professional Conduct ("GRPC") 1.7 because APD formerly represented Belen, a percipient witness in this matter. Mot. for Disqualification at 3–4. Defendant argues that there is no conflict of interest because ". . . Ms. Belen's cases are all closed and are all old, so there is no potential risk that APD's representation of Defendant Mendiola would be directly adverse or even indirectly adverse to Ms. Belen's interests in those cases." Def.'s Opp'n. at 3. The People assert that APD represented Belen in three separate and unrelated cases: Superior Court of Guam Criminal Case Nos. CF0619-15, CM0735-11, and CM0019-09. All cases resulted in plea agreements negotiated by APD for convictions of theft crimes. Mot. for Disqualification at 2.

**A. GRPC 1.7 prohibits APD from representing Belen because there is a significant risk that representation of both Defendant and Belen will materially limit APD's representation of Defendant.**

GRPC 1.7(a) states:

Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a current conflict of interest. A conflict of interest exists if:

(1) The representation of one client will be directly adverse to another client; or

(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interest of the lawyer.

GRPC 1.7(b) further states:

Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal;

(4) each affected client gives informed consent, confirmed in writing.

The three cases in which APD represented Belen are all closed. Order Closing Case, Feb. 20, 2020; Order For Closure; Jan 8, 2018. The Court finds nothing in the record that suggests APD still represents Belen in these cases and, therefore, Belen is not a current client of APD. Even so, GRPC 1.7(a)(2) states a conflict of interest exists when a former client materially limits representation of a current client. The GRPC were adapted from the American Bar Association's Model Rules of Professional Conduct ("MRPC"). Therefore, the Court looks to the MRPC when interpreting the GRPC. The MRPC commentary further states that"[e]ven when there is not direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." ABA Model R. Prof'l. Conduct 1.7, Commentary.

The Court finds that APD's ability to carry out an appropriate course of action for Defendant will be materially limited by its obligations to Belen. APD may have obtained confidential information while representing Belen that could help Defendant's case, which would force APD to either breach its loyalty to Belen or decline to use the information and weaken Defendant's case. In *Wheat v. United States*, 486 U.S. 153 (1988) the Supreme Court of the United States reasoned that ". . . courts must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat*, 486 U.S. at 163. While the extent of the conflict between Belen and Defendant is unclear at this stage of the case, it is clear that Belen could be called to testify against Defendant. If Belen testifies against Defendant, APD must challenge Belen's credibility, which is a clear conflict of interest because Belen is a former client. Rather than wait until trial to determine if the conflict progresses, it is in the interests of both parties to appoint new counsel with whom there is no potential conflict. Moreover, although GRPC 1.7(b) permits the wavier of conflicts in some circumstances, APD has not indicated that it obtained informed consent, confirmed in writing from both Belen and Defendant, and the Court does not find any informed consent in the record. Therefore, the Court exercises its discretion and finds that GRPC 1.7 prohibits APD from representing Defendant.

**B. Under GRPC 1.9, Belen is APD's former client, which prohibits APD from representing Defendant.**

GRPC 1.9(a) states:

> A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

GRPC 1.9(c) further states:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

GRPC 1.10(a) states:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them participating alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

"The relevant test for disqualification is whether the former representation is 'substantially related' to the current representation." *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980) (citations omitted). The MRPC commentary to Rule 1.9 states that a "substantially related matter" is one that involves "the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." ABA Model R. Prof'l. Conduct 1.9, Commentary. "Substantiality is present if the factual contexts of the two representations are similar or related." *Trone*, 621 F.2d at 998.

APD represented Belen in three now closed cases. Thus, Belen is a former client of APD. Although the record indicates Attorney Santos did not represent Belen, GRPC 1.10 prohibits Attorney Santos from representing Belen in any case where GRPC 1.9 prohibits any APD attorney from representing Belen. Accordingly, if GRPC 1.9 prohibits another attorney in APD from representing Belen, then GRPC 1.10 imputes the conflict to Attorney Santos.

Defendant argues that there is no conflict of interest between Defendant and Belen because Belen is not a co-defendant in this case. Mot. to Dismiss at 3. However, GPD arrested Belen alongside Defendant, as she was present in the vehicle when Defendant was apprehended. Guam Police Department Arrest Information Sheet Case 2020-00001105. The People declined to charge Belen. During her interview with GPD, Belen stated that Defendant drove her around in the allegedly stolen vehicle throughout the night on the evening of the arrests. *Id.* Consequently, while Belen is not a co-defendant, she is not merely a bystander who had no involvement in the incident. While not charged, she was arrested for allegedly participating in the crimes Defendant is charged with. Defendant can still implicate Belen in these crimes even though she is not currently charged with them. APD's former representation thus either limits its ability to take action that has negative consequences for Belen, or causes APD to create negative consequences for a former client. Belen's criminal history of theft—including vehicle theft—may support certain defenses that Defendant will raise at trial. Such a situation causes APD to take a position adverse to its former client at trial.

The possibility that a client might be cross-examined by his own attorney constitutes a serious potential conflict of interest, which generally requires disqualification. *United States v. Voigt*, 89 F.3d 1050, 1078 (3d Cir. 1996). Belen appears on the People's witness list for trial. People's Witness List, Dec. 16, 2021. Accordingly, an APD attorney will cross-examine Belen, who APD represented in her criminal cases. Under GRPC 1.10, the conflict is imputed to all attorneys at APD. Although different attorneys in APD represent Defendant and Belen, APD may have learned confidential information about Belen during the course of representation that would help Defendant. For example, APD may have learned information that would impeach Belen's credibility if she failed to corroborate Defendant's story at trial. Defendant alleges that "Defendant Mendiola filed a Motion to Dismiss the Indictment with

Prejudice, wherein Ms. Belen was cited by the Defendant as making statements that support Defendant's statement to the police." Mot. to Dismiss at 2. While Belen has previously corroborated Defendant's statements, there is no guarantee she will do so at trial—especially because she was arrested in connection with the case. Thus, the Court finds that Attorney Santos cross-examining Belen is effectively an attorney cross-examining his former client.

Defendant argues that because Belen's cases are "closed" and "old" there is no risk that representation of Defendant could impact Belen's cases. Def.'s Opp'n. at 3. Belen is a former client of APD. Even if Belen is APD's former client, GRPC 1.9(a) still prohibits an attorney from representing a current client when he has represented a former client in the "same or substantially similar" matter without informed consent, confirmed in writing. Defendant does not state whether Belen has given informed consent, confirmed in writing and the Court does not find any informed consent in the record.

Additionally, the Court finds that screening is not the most practical option in this case. Although the GRPC permit screening of a conflicted attorney within a law firm, the abundance of potential defense counsel makes screening less practical in this case. When there is a conflict in the Office of the Attorney General, the conflicted attorney is screened from the matter. However, criminal defense counsel is in a distinct position from the Office of the Attorney General because there are a variety of agencies that represent indigent defendants. In contrast, the Office of the Attorney General is the only agency in Guam that is empowered to prosecute crimes. *See* 5 G.C.A. §§ 30104, 30109. Consequently, the Court finds the most practical option in this case is for an attorney from the panel or another agency without conflict to represent Defendant.

Lastly, the People correctly observe that upon either a conviction or acquittal in this case, both parties will have grounds for appeal on the basis of counsel's conflicts of interest.

"[T]he legitimate wish of [courts] that their judgments remain intact on appeal" is a proper consideration in the determination of whether a conflict of interest requires disqualification of an attorney. *Voigt*, 89 F.3d at 1078. Under the Court's independent duty to ensure appearance of propriety and fairness, as well as the rendition of a just trial conducted within the ethical standards of Guam, the Court determines that the continued representation of Defendant jeopardizes the institutional appearance of propriety in this case, and presents immediate appealable issues. As a result, disqualification is necessary.

<strong>CONCLUSION AND ORDER</strong>

For the above reasons, the Court **GRANTS** the People's Motion for Disqualification.

SO ORDERED, this _____ day of ____APR 1 2 2022____ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam